United States District Court
Southern District of Texas
**ENTERED**
June 26, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ERDWIN JOSE SOCARRAS BASTIDA, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:26-CV-00339 |
| | § | |
| KRISTI NOEM, *et al.*, | § | |
| | § | |
| Respondents. | § | |

## ORDER

On March 23, 2026, the Court dismissed this petition without prejudice. Pending is the petitioner's motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e). Doc. No. 8. For the reasons that follow, the motion will be DENIED.

### I.    LEGAL STANDARD

Rule 59(e) motions "serve the narrow purpose of allowing a party 'to correct manifest errors of law or fact or to present newly discovered evidence.'" *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989) (citations omitted). Rule 59(e) cannot be used to introduce evidence that was available prior to the entry of judgment, nor should it be employed to relitigate old issues, advance new theories or arguments that could have been raised before the entry of judgment, or secure a rehearing on the merits. *Templet v. HydroChem Inc.*, 367 F.3d 473, 478–79 (5th Cir. 2004) (citation omitted); *see also Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998) (holding that a party cannot attempt

1 / 3

to obtain "a second bite at the apple" by presenting new theories or re-litigating old issues that were previously addressed). Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly. *Templet*, 367 F.3d at 479.

## II.    DISCUSSION

Petitioner contends that this Court did not consider his constitutional claims. In his petition, Socarras Bastida argued that he was not "seeking admission" as a person present in the United States. His supporting documents and cases attached to his petition focus on his contention that he should be considered detained under 8 U.S.C. § 1226(a) rather than § 1225(b), an argument rejected by the Fifth Circuit in *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 498 (5th Cir. Feb. 6, 2026).

Regarding his due process claims, Petitioner presented those in connection with his contention that he is being mischaracterized under § 1225(b). To the extent that he raised due process claims, those are precluded, at this juncture, by *Demore v. Kim*, 538 U.S. 510, 531 (2003), because "[d]etention during removal proceedings is a constitutionally permissible part of that process." *Id.* (citations omitted); *see also Jennings v. Rodriquez*, 583 U.S. 281, 297 (2018) (explaining that "§§1225(b)(1) and 1225(b)(2) thus mandate detention of applicants for admission until certain proceedings have concluded"). He does not otherwise show that his detention is unconstitutional. Nothing in his motion alters the Court's conclusion that this case should be dismissed.

## III.    CONCLUSION AND ORDER

Based on the foregoing, the Court ORDERS as follows:

1.  Petitioner's motion for reconsideration (Doc. No. 8) is **DENIED**.

2.  All other pending motions, if any, are **DENIED as MOOT**.

The Clerk shall send a copy of this Order to the parties.

SIGNED on this ___26th___ day of June 2026.

ANDREW S. HANEN
UNITED STATES DISTRICT JUDGE